## BILBY v. STEVENSON et al.

No. 21096. Opinion Filed July 12, 1932.

Robson & Moreland for plaintiff in error.

Forrest M. Darrough, Tom H. Fancher, and W. T. Anglin, for defendants in error.

KORNEGAY, J. This is a proceeding in error to reverse the action of the lower court in a case tried by the court. There were no requests for special findings or declarations of law. The court found generally for the defendant. On December 18, 1928, the suit was filed. The defendant in error Alfred Stevenson had for years been acting as attorney for the plaintiff in error, Nicholas V. Bilby. The plaintiff in error was a large landowner, holding tracts in various counties and in various parts of the state and some in adjoining states. Some titles were good, some titles were bad, as would naturally flow from that acquisition. He was very heavily indebted and mortgages existed on a large part of his real estate. He became pressed very hard financially, and the mortgagees were foreclosing. He employed the defendant in error and his partner to assist him in his difficulties. The best assistance that could be had under the circumstances was to get the money to pay off the mortgages. They evidently were not able to do this, and one of the mortgages went to foreclosure. It was bid in by a son of the plaintiff in error.

Various methods were resorted to to relieve the distress. Finally an agreement was made between the plaintiff in error and the defendant in error, who was his attorney, for the defendant in error to assist him as far as he could financially, which resulted in the purchases of the land and also of the deficiency judgment by the defendant in error. Various other transactions were had between the parties some of which apparently took the form of absolute acquisition of title to the property, as the plaintiff in error was not able to redeem and prevent the sales. Finally dissension arose between the defendant in error and the plaintiff in error, and they became involved in litigation, and the plaintiff in error secured the help of his attorneys, who are here representing him now, in not only the matter connected with the defendant in error, but apparently in a great may other matters.

A settlement was effected in December, 1927, though evidently at that time absolute title to some of the land was in the defendant in error, and it is highly probable that he could have withstood a suit to recover possession, but apparently they settled after a good deal of negotiation and a contract of compromise and settlement was drawn by the then legal representative of the plaintiff in error. Under the terms of that contract the amount of the indebtedness and the amount expended by the defendant in error connected with the lands was calculated, and a settlement was agreed upon which was reduced to writing, and the conveyances of the land, with a reservation of the oil interest on 640 acres, were made to a son-in-law of the plaintiff in error by consent of all parties, and he executed a promissory note to the defendant in error for the amount so found due, after taking into the account some claims for personal services.

Some oil activity occurred about that time, and the parties succeeded in selling some of the oil leases on some of the lands and with other means, the plaintiff in error paid off the note that was secured by mortgage on the property. Evidently the matter involved here is the retention by the defendant in error under that settlement of oil royalties on 640 acres of land.

We have read this entire record and the testimony of the witnesses, most of which came from attorneys practicing in this court. Some essential portions came from a litigant, whose name appears frequently on the roster of this court. The case was submitted to the court below under the conditions herein enumerated. The court found generally for the defendant below. Elaborate briefs have been filed here, in which a great many phases of the law as to what the rights of the parties are, and the doctrine of "once a mortgage always a mortgage," is appealed to and the doctrine of trusteeship is appealed to, and the law of attorney and client is commented upon, and a great many cases are cited.

We think it is a general rule that an attorney cannot take advantage of his client, any more than he could anybody else, and that his transactions with his client will be viewed closely. However, a case of that kind will depend largely upon its own circumstances. Some clients are shrewder than some attorneys in business deals. As applied to the present case, the plaintiff in error made a complete settlement, apparently. He was guided by skillful counsel. They acted on the settlement, and as a result of oil activity there was an increase in valuation. The suit was started a year after the settlement was had and values had increased. As to the good faith of the attorneys as between themselves, discussed in the briefs, we are not called upon to decide.

The lower court saw all the witnesses, heard all the testimony, and was in better position to determine who was telling the truth than we are, though there was little conflict in statement. By its general findings it found in favor of the defendant in error. The briefs here filed deal with the general propositions of law as to the duty of trustees in dealing with the one who puts confidence in them and reposes trust in their fidelity. In order for the plaintiff to win in this case, and to secure a reversal, it would be necessary to find in this case that the defendant in error had overreached his client. We are not able to find from this evidence with abiding assurance that such was the case. The contrary is indicated.

Under the conditions, the case is affirmed.

HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. CLARK, V. C. J., not participating. LESTER, C. J., and RILEY and McNEILL, JJ., absent.